JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:20-cv-09759-FLA (GJSx) | Date | March 8, 2021 |
|---|---|---|---|
| Title | Kit Wong et al. v. Safety-Kleen Systems, Inc. et al. | | |

| Present: The Honorable | FERNANDO L. AENLLE-ROCHA |
|---|---|
| | UNITED STATES DISTRICT JUDGE |

| V.R. Vallery | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceeding:** (IN CHAMBERS) ORDER GRANTING MOTION TO REMAND [DKT. 89] AND DENYING MOTION TO DISMISS [DKT. 78]

### Ruling

Before the court are Kit Wong, Terra Le, and Matthew Johnathan Le's (collectively, "Plaintiffs") Motion to Remand (Dkt. 89) and Defendant FCA US LLC d/b/a/ Mopar's ("FCA") Motion to Dismiss (Dkt. 78) and Request for Judicial Notice (Dkt. 80). The court found these matters appropriate for resolution without oral argument and vacated the hearings and scheduling conference set for March 12, 2021. See Fed. R. Civ. P. 78(b); Local Rule 7-15.

For the reasons set forth below, the court GRANTS Plaintiffs' Motion to Remand and DENIES as moot FCA's Motion to Dismiss and Request for Judicial Notice.

### Background

Plaintiffs filed this action in the Los Angeles Superior Court ("LASC") in July 2020 against twenty Defendants, including FCA. Dkt. 1-1. The initial Complaint alleged Defendants manufactured, distributed, supplied, and/or sold products with toxic chemicals that caused Plaintiffs' husband and father, Decedent Cam Le ("Decedent"), to develop acute myelogenous leukemia and die shortly thereafter. Id. According to Plaintiffs, Decedent was exposed to these chemicals from 1984 to 2018. Id. The Complaint pleaded six causes of action for: (1) negligence; (2) strict liability – failure to warn; (3) strict liability – design defect; (4) fraudulent concealment; (5) breach of implied warranties; and (6) loss of consortium. Id. FCA was served the Complaint and Summons on September 24, 2020. Dkt. 1, ¶ 12.

On October 23, 2020, FCA filed a notice of removal ("NOR") asserting bankruptcy jurisdiction under 28 U.S.C. §§ 1452 and 1334(b), and supplemental jurisdiction under 28 U.S.C. §1367. Dkt. 1. The NOR stated that in April 2009, Chrysler LLC and twenty-four of its affiliated entities (collectively, "the Debtors") filed for bankruptcy in the action styled *In re Old Carco LLC (f/k/s Chrysler LLC)*, Case No. 09-50002 (Bankr. S.D.N.Y.). Id. ¶ 5. In May 2009, the Debtors and a newly formed and independent entity now known as FCA entered

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-09759-FLA (GJSx) | Date | March 8, 2021 |
| Title | Kit Wong et al. v. Safety-Kleen Systems, Inc. et al. | | |

into a Master Transaction Agreement ("MTA") whereby FCA purchased substantially all the Debtors' assets, but only assumed certain liabilities.  *Id.*  The NOR noted the bankruptcy court approved the MTA and modified the scope of FCA's assumed liabilities by entering orders in June and November 2009 (collectively, the "Sale Orders").  *Id.* ¶¶ 6, 8.  FCA argues the Sale Orders show FCA was not held to be a legal successor of the Debtors, and that FCA assumed liability only for product liability claims arising directly from motor vehicle claims.  *Id.* ¶¶ 7-8.  Thus, according to FCA, the court has bankruptcy jurisdiction in the present action because Plaintiffs' claims necessarily implicate and require judicial interpretation of the bankruptcy Sale Orders to determine FCA's liability, if any.  *Id.* ¶ 23.

Plaintiffs filed the First Amended Complaint ("FAC") on December 4, 2020.  Dkt. 61.  The FAC asserts the same six causes of action, but clarifies the allegations apply only to FCA's wrongful conduct <u>after</u> the bankruptcy sale.  *Id.*  The FAC now states in its introductory paragraphs:

> The allegations herein as to FCA US LLC d/b/a Mopar are only as a distinct and separate entity, not as a successor to any Seller and/or Debtor, named or otherwise holding an assumed liability from the bankruptcy case *In re Old Carco LLC (f/k/s Chrysler LLC)*, Case No. 09-50002 (Bankr. S.D.N.Y.)  Any liability for FCA US LLC arises from post-Bankruptcy Sale exposure by Decedent, remaining outside the scope of the *In re Old Carco LLC's* Master Transaction Agreement dated May 31, 2009, and Sale Orders dated June 1, 2009 and November 19, 2009.

FAC ¶ 10.  Similarly, the FAC was amended to clarify that its allegations regarding FCA were limited to its role as the supplier and/or manufacturer of the toxic chemical ATF +4 after closing of the bankruptcy sale in 2009.  *Id.* ¶ 27.

Defendants filed a Motion to Dismiss the FAC pursuant to Fed. R. Civ. P. 12(b)(6) on December 17, 2020, which Plaintiffs oppose.  Dkts. 78, 90.  Plaintiff filed their Motion to Remand this action to the LASC on December 23, 2020, which FCA opposes.  Dkts. 89, 94.  As courts have an independent obligation to determine whether subject-matter jurisdiction exists, *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006), and for reasons of judicial economy, the court first will consider Plaintiffs' Motion to Remand.

<u>Discussion</u>

I.      **Motion to Remand**

      A.      **Removal Based on Bankruptcy Jurisdiction**

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and the statutes enacted by Congress pursuant

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-09759-FLA (GJSx) | Date | March 8, 2021 |
| Title | Kit Wong et al. v. Safety-Kleen Systems, Inc. et al. | | |

thereto.  *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986).  "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, … the [removal] statute is strictly construed, … and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted).  There is a presumption that the federal courts are without jurisdiction unless the contrary affirmatively appears.  *Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1190 (9th Cir. 1990).  The burden of establishing subject matter jurisdiction, therefore, rests on the party asserting the court has jurisdiction.  *See McNutt v. GM Acceptance Corp.*, 298 U.S. 178, 182-83 (1936).

  Under 28 U.S.C. § 1452(a), a party may remove a case from state court to the federal district court for the district where the action is pending if proper jurisdiction exists under 28 U.S.C. § 1334.  Section 1334(b) provides the federal district courts "shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11 [bankruptcy], or arising in or related to cases under title 11."  "Proceedings 'arising under' title 11 involve causes of action created or determined by a statutory provision of that title."  *In re Wilshire Courtyard*, 729 F.3d 1279, 1285 (9th Cir. 2013).  "Similarly, proceedings 'arising in' title 11 are not those created or determined by the bankruptcy code, but which would have no existence outside of a bankruptcy case."  *Id.*  The Ninth Circuit has adopted the Third Circuit's "close nexus" test to determine the scope of a court's "related to" jurisdiction after confirmation of a bankruptcy plan, which asks whether the current action has a close nexus to the bankruptcy proceeding sufficient to uphold subject matter jurisdiction.  *See In re Pegasus Gold Corp.*, 394 F.3d 1189, 1194 (9th Cir. 2005).  Matters that affect the "interpretation, implementation, consummation, execution, or administration" of a confirmed bankruptcy plan typically have the requisite close nexus.  *See In re Wilshire Courtyard*, 729 F.3d at 1287.

  Even where an action is properly removed from state court, remand may be appropriate if an amended pleading removes the basis for original jurisdiction.  Although remand is not required, the district court has discretion to remand if it "will best accommodate the values of economy, convenience, fairness, and comity."  *Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988), *superseded on other grounds by* 28 U.S.C. § 1447(c), *as recognized in Parnoff v. Fireman's Fund Ins. Co.*, 796 F. App'x 6, 8 (2d Cir. 2019)).  Generally, when claims that are the basis for a court's original jurisdiction are dismissed in a lawsuit's early stages and only state law claims remain, the court should decline to exercise jurisdiction over the remaining state law claims.  *Cohill*, 484 U.S. at 350; *Wren v. Sletten Const. Co.*, 654 F.2d 529, 536 (9th Cir. 1981) ("When the state issues apparently predominate and all federal claims are dismissed before trial, the proper exercise of discretion requires dismissal of the state claim.").

  Plaintiffs argue they did not intend to allege any successor or pre-Sale Order liability on the part of FCA, and that, upon learning of the 2009 bankruptcy during the meet and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-09759-FLA (GJSx) | Date | March 8, 2021 |
| Title | Kit Wong et al. v. Safety-Kleen Systems, Inc. et al. | | |

confer process with FCA's counsel, they amended the Complaint to better reflect that their allegations against FCA were only for its wrongful conduct after the bankruptcy sale. Dkt. 89 at 3-4. Thus, according to Plaintiffs, the court lacks subject matter jurisdiction because the Debtors' bankruptcy is not implicated, the court need not interpret the bankruptcy Sale Orders, and the FAC alleges only state law claims. *Id.* at 4. 11-12. FCA responds, without evidentiary support, that the accused product, ATF +4, was developed and manufactured before FCA was formed as an entity. Dkt. 94 at 6. FCA argues Decedent's alleged exposure to ATF +4 could only arise from a product that was developed by the Debtors, such that any potential liability for products FCA distributed may only arise if FCA contractually assumed the liabilities in question. *Id.* at 6, 8. Thus, FCA concludes the court has bankruptcy jurisdiction because Plaintiffs' claims are inextricably linked to pre-bankruptcy allegations, and the Sale Orders remain at issue. *Id.* at 10-11.

The court agrees with Plaintiffs. The FAC, on its face, asserts an independent claim against FCA. Plaintiffs allege liability against FCA arose when it manufactured or sold ATF +4 after the Sale Orders. FAC ¶ 27. California law imposes liability in tort for manufacturers, distributors, or retailers if a defect in their product causes injury while the product is being used in a reasonably foreseeable way. *E.g., Soule v. Gen. Motors Corp.*, 8 Cal. 4th 548, 560 (1994). The FAC makes clear the underlying bankruptcy action is not directly implicated in this matter, and it is speculative that the court must interpret the Sale Orders to assess FCA's liability. *See In re Resorts Int'l, Inc.*, 372 F.3d 154, 170 (3d Cir. 2004) (finding no bankruptcy jurisdiction for negligence and breach of contract claims arising under state common law, where resolution would not require the court to interpret bankruptcy documents). As Plaintiffs plead only state law claims, the court finds no basis for the court's original jurisdiction under the FAC, and this action is properly remanded to the Los Angeles Superior Court. *Cohill*, 484 U.S. at 350.

    **B.**    **Equitable Remand**

The statute governing the removal of claims related to bankruptcy provides further grounds for a federal court to remand a case to state court. Once a claim is removed pursuant to 28 U.S.C. § 1452(a), the court to which the claim has been removed "may remand such claim or cause of action on any *equitable* ground." 28 U.S.C. § 1452(b). In assessing whether "equitable grounds" exist to remand actions removed under Section 1452, courts evaluate factors including, among others, "judicial economy, comity and respect for state law decision-making capabilities, the impact that remand would have upon the orderly administration of the debtor's bankruptcy case, the effect of bifurcating claims and parties to an action and the possibilities of inconsistent results, the predominance of state law issues and nondebtor parties, and the extent of any prejudice to nondebtor parties." *In re TIG Ins. Co.*, 264 B.R. 661, 665–66 (Bankr. S.D. Cal. 2001) (citing *W. Helicopters, Inc. v. Hiller Aviation, Inc.*, 97 B.R. 1, 2 (E.D. Cal. 1988)). "[A]ny one of the relevant factors may provide

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-09759-FLA (GJSx) | Date | March 8, 2021 |
| Title | Kit Wong et al. v. Safety-Kleen Systems, Inc. et al. | | |

a sufficient basis for equitable remand." *Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 447 B.R. 302, 310 (C.D. Cal. 2010).

Furthermore, an order remanding an action pursuant to Section 1452 "is not reviewable by appeal or otherwise by the court of appeals …." 28 U.S.C. § 1452(b). In all, the "any equitable ground" remand standard "is an unusually broad grant of authority" that "subsumes and reaches beyond all of the reasons for remand under nonbankruptcy removal statutes." *In re McCarthy*, 230 B.R. 414, 417 (B.A.P. 9th Cir. 1999). Whether to remand is thus "committed to the sound discretion of the … judge." *Id.*

Even if the court had bankruptcy jurisdiction, the court finds equitable remand is appropriate under 28 U.S.C. § 1452(b) in light of the relevant factors. Notably, comity and the predominance of state law issues strongly favor remand because Plaintiffs assert only state law claims. *See Est. of Scott v. Cervantes*, No. CV 08-03293-MMM (CWx), 2008 WL 11337657, at *4 (C.D. Cal. July 29, 2008) ("Where issues of state law predominate, comity ... favors remand."); *see also Liquidation Tr. v. Grobstein, Horwath & Co., LLP*, No. CV 10-08144-MMM (Ex), 2011 WL 13217688, at *4 (C.D. Cal. May 2, 2011) ("Courts have consistently exercised their discretion to remand under § 1452(b) where a case is grounded exclusively in state law.") (gathering cases). This is particularly true for the case at hand, where Plaintiffs assert claims against over one dozen Defendants, and FCA is the only Defendant that asserts an attenuated basis for federal subject matter jurisdiction. Furthermore, this action involves only non-debtors, which also weighs in favor of remand. *See In re Enron Corp.*, 296 B.R. 505, 509 (C.D. Cal. 2003).

After considering the parties' arguments and the relevant factors under *In re TIG*, 264 B.R. at 665-66, the court concludes equitable remand is warranted under 28 U.S.C. § 1452(b) and GRANTS Plaintiff's motion.

**II.    FCA's Motion to Dismiss**

Since the court grants Plaintiffs' Motion to Remand, the court need not decide FCA's Motion to Dismiss the FAC or the related Request for Judicial Notice.

/ / /

/ / /

/ / /

/ / /

/ / /

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-09759-FLA (GJSx) | Date | March 8, 2021 |
| Title | Kit Wong et al. v. Safety-Kleen Systems, Inc. et al. | | |

**Conclusion**

For the foregoing reasons, the court GRANTS Plaintiff's Motion to Remand and DENIES as moot FCA's Motion to Dismiss and Request for Judicial Notice. The court REMANDS this action to the Los Angeles Superior Court for further proceedings.

**IT IS SO ORDERED.**

                               :

Initials of Preparer   vrv